**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JPMorgan Chase Bank, N.A.; Mortgage
Electronic Registration Systems, Inc.;
Washington Mutual Bank; Flagstar
Bank FSB, also known as, FLagstar
Bank FSB;

                Plaintiffs,

v.

William Richards, Debra Richards, and
99 Jane Does,

                Defendants,

Michael Joseph Kearns, William
Richards, and Debra Richards,

                Counter Claimants,

v.

Flagstar Bank FSB; Mortgage
Electronic Registration Systems, Inc.;
Washington Mutual Bank; and 99 John
Does;

                Counter
                Defendants.

Case No. 10-mc-25 (ADM/JJK)

**REPORT AND
RECOMMENDATION**

---

Michael Joseph Kearns, C/O William Richards, 514 140th Ave NE, Ham Lake, MN, 55304, *pro se*.

Bryant D Tchida, Esq., and Peter J Schwingler, Esq., Leonard Street and Deinard, PA , counsel for Plaintiffs and Counter Defendants JP Morgan Chase Bank, Mortgage Electronic Registration Systems, Inc., and Washington Mutual Bank.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before the Court on JP Morgan Chase Bank, N.A. ("JP Morgan"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Washington Mutual Bank's ("Washington Mutual") Motion to Remand (Doc. No. 10). The case has been referred to this Court for Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. Loc. R. 72.1. For the reasons stated below, this Court recommends that the motion to remand be granted and this matter be remanded to state court.

## BACKGROUND

This matter arises out of two Minnesota State court actions related to property in Ham Lake, Minnesota. On January 17, 2003, MERS was granted a mortgage with power of sale on the Ham Lake property, and then MERS assigned that property to JP Morgan on March 16, 2009. William and Debra Richards (collectively the "Richards"), then defaulted on the mortgage and the mortgage was foreclosed on June 18, 2009, leading to a sale at public auction by the Anoka County Sheriff. The redemption period expired without redemption by the Richards. Thus, on January 11, 2010, JP Morgan brought an eviction action in the Minnesota District Court in Anoka County. (Doc. No. 13, Aff. of Kristine M. Spiegelberg ("Spiegelberg Aff.") ¶ 5, Attach. 1, Ex. 1.)

On January 27, 2010, the Richards, along with Michael Joseph Kearns, filed a "Trespass to Try Title" action against JP Morgan, MERS, Washington

Mutual, and Flagstar Bank FSB ("Flagstar"), in which the Richards and Kearns claimed to own the Ham Lake property. The Richards and Kearns accused JP Morgan and the other entities they sued of engaging in a "scheme" to borrow money using title to the Ham Lake property as collateral. The Richards and Kearns further accused these financial entities of unlawfully taking action to evict them. They sought, among other remedies, "[j]udgment for title to and possession of the real property which is the subject matter of [the] suit." (Spiegelberg Aff. ¶ 10, Attach. 6, Ex. 6.) The eviction action described above was stayed pending resolution of the trespass to title action. (*Id.* ¶ 9, Attach. 5, Ex. 5.)

On May 4, 2010, Kearns filed a "Notice of Removal" in this Court. The removal notice consists of various unsupported conclusions and, quite frankly, incoherent statements and allegations. For instance, Kearns asserts that JP Morgan, MERS, Washington Mutual, and Flagstar violated his "substantive right to due process" by refusing to honor an order and judgment from a court he apparently convened himself and for which he issued his own "Court Rules." (*See* Doc. Nos. 1, 2.) Although the Richards have not appeared at any point in this matter, Kearns has listed his own address as that of the Ham Lake property and has had material sent to address there "c/o William Richards." (*See* Doc. No. 1 at 4.) The notice of removal did not attach any documentation, but it did list the case number for the trespass to title action in the caption. Kearns changed the caption of that case to make it appear as though the Richards had been

3

defendants in that case, even though they had, along with Kearns, sued JP Morgan and the other entities involved here. (*See* Doc. No. 1 at 1.)

On May 11, 2010, Anoka County Judge Bethany A. Fountain Lindberg dismissed the trespass-to-title action. (Spiegelberg Aff. ¶ 13, Attach. 9, Ex. 9.) The following day, Anoka County Judge Sharon Hall entered judgment in favor of JP Morgan in the eviction action, awarding immediate restitution and possession of the Ham Lake property to JP Morgan. (*Id.* ¶ 14, Attach. 10, Ex. 10.) Also on May 12, 2010, Kearns filed an Amended Notice of Removal, this time listing both the case number for the trespass to title action and the eviction action, and attaching the Findings of Fact, Conclusions of Law, and Order for Judgment and Judgment in the eviction action. (Doc. No. 8, Attach. 1.) The amended notice itself is otherwise identical to the earlier notice, except Kearns explained that he added the eviction action because non-removal "would not secure the fundamental and substantive rights to Suitor." (Doc. No. 8 at 3-4.)

On June 2, 2010, JP Morgan, MERS, and Washington Mutual filed the instant motion to remand this case back to state court. (Doc. No. 10.) These entities argue that there are several procedural defects in the notice of removal and amended notice of removal justifying remand. (*Id.*, *passim*.) In response to the motion, on July 16, 2010, Kearns filed a "Notice to Court, No Authority for Remand," in which he raises a series of arguments purporting to establish that this Court cannot remand the case back to any court in the State of Minnesota. (Doc. No. 19.) This Court held a hearing on July 19, 2010, at which neither the

Richards nor Kearns appeared. (Doc. No. 20.)

## DISCUSSION

I. **Standard of Review**

A defendant may remove "only state-court actions that originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant seeking to remove must include a short and plain statement of the grounds for removal, and include a copy of all process, pleadings, and orders served on the defendant in the notice of removal. 28 U.S.C. § 1446(a). The defendant must file the notice of removal within thirty days after the receipt of the initial pleading, "through service or otherwise." *Id.* § 1446(b). After the defendant files the notice of removal with a federal court, he or she must file a copy of the notice with the clerk of the state court from which the action was removed, thus ceasing the state court proceedings until the case is remanded. *Id.* § 1446(d).

A court can remand a matter to state court on the basis of any defect other than lack of subject matter jurisdiction if a party moves for remand within thirty days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

II. **Analysis**

A. **The Trespass to Title Action**

The trespass to title action should be remanded because the Richards and Kearns were not defendants in that matter below. Rather, they sued JP Morgan, MERS, Washington Mutual, and Flagstar in that case. Kearns's attempted

removal of a state-court action in which he was the plaintiff, and his restyling the caption thereof, to make it appear that the Richards were Defendants in the matter, suggests that he intends only to obfuscate and delay the matter. The plain language of 28 U.S.C. § 1446(a) limits the ability to remove a case from state court to a federal district court to defendants. Because Kearns and the Richards were not defendants in the trespass-to-title action, this Court recommends that it be remanded to state court.

### B. The Eviction Action

This Court also recommends that the eviction action be remanded to state court. As JP Morgan, MERS, and Washington Mutual point out, there are several procedural defects in the notice of removal. First, and most importantly, Kearns and the Richards did not remove the eviction action within thirty days of receiving the initial pleading in the eviction action. *See* 28 U.S.C. § 1446(a). Here, the record demonstrates that JP Morgan served the eviction action on the Richards on January 21, 2010. Kearns did not file the original removal notice until May 4, 2010, and he did not file the amended removal notice until May 12, 2010. Either of these dates is well beyond the thirty-day window for removing a case to federal court.

Second, the record reflects that Kearns failed to file a copy of the notice of removal with the clerk of the Anoka County Court in the eviction action. This step is required by 28 U.S.C. § 1446(d) so that the proceedings in the state court will cease unless and until the matter is remanded. Kearns's failure to file the notice

of removal with the Anoka County Court led to the entry of a final judgment in the eviction action. So, after purportedly removing the eviction action to federal court, Kearns continued to litigate that action in state court, lost the case, and now wants to turn the faulty removal notice into a gambit to relitigate issues here that were already resolved in the state-court action. The removal process is there for Defendants to select a federal forum when an action could have been filed there originally, not to permit litigants a second bite at the apple.

Further, although JP Morgan, MERS, and Washington Mutual do not raise lack of subject-matter jurisdiction as a ground for remand, the notice and amended notice raise serious concerns about the absence of such jurisdiction. *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1066 (8th Cir. 2000) ("A district court should *sua sponte* remand a case any time it determines that it lacks subject matter jurisdiction."). Neither the notice of removal nor the amended notice contains sufficient allegations of the parties' citizenship and the amount in controversy to satisfy the removal requirement that the defendant set forth a short and plain statement of the grounds for removal. *See* 28 U.S.C. § 1446(a). As such, Kearns and the Richards have not met their burden in establishing federal subject-matter jurisdiction in opposing remand. *See In re Bus. Men's Assurance Co.*, 992 F.2d 181, 183 (8th Cir. 1993). This is true even though Kearns and the Richards apparently wish to bring a nearly incomprehensible antitrust counterclaim that purportedly raises a federal question. *Duckson, Carlson, Bassinger, LLC v. The Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D.

7

Minn. 2001) (holding that a defendant cannot remove based on a counterclaim). Other than bare references to various statutes purporting to invoke this Court's federal question jurisdiction, the notice and amended notice contain little more than legalistic gibberish that plainly do not state a basis for bringing this to a federal forum. *See Bus. Men's Assurance Co.*, 992 F.2d at 183 ("When deciding a motion to remand, the Court must resolve all doubts concerning federal jurisdiction in favor of remand to state court.").

For all these reasons, this Court recommends that JP Morgan, MERS, and Washington Mutual's motion for remand be granted and this matter be remanded to state court. However, two observations are appropriate here. First, the record indicates that removing these matters to Anoka County Court will not leave anything for that court to adjudicate because the trespass-to-title action and the eviction case have already proceeded to final judgments. And second, this Court's characterization of the notice of removal and amended notice of removal as unsupported and incoherent should not be read to suggest that the courts are closed to those "who seek in good faith to invoke the protection of the law." *See Crain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984). However, Kearns's attempt to remove these cases, file court rules of his own making, and place in the record other ungrounded assertions, are not the product of such a good-faith attempt to invoke the protection of the law. The only motivation for seeking to invoke federal jurisdiction that the record here suggests is a bad-faith attempt at

burdening the scarce resources of the federal judicial system, the litigants who had to respond in this matter, and delaying adjudication of these cases.

## RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. JP Morgan Chase Bank, N.A., Mortgage Electronic Registration Systems, Inc., and Washington Mutual Bank's Motion to Remand (Doc. No. 10), be **GRANTED** and

2. The cases purportedly removed by this action be **REMANDED** to the Anoka County Court.

Date: July 20, 2010

    *s/ Jeffrey J. Keyes*
    JEFFREY J. KEYES
    United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **August 3, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within **fourteen days** after service thereof.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.